BEN M. TERRELL v. S. P. GREENE, DISTRICT JUDGE, ET AL.
No. 311.

1. **Duties and Rights of County Attorney.**

Articles 260, Revised Statutes, not only confers power but imposes a duty upon the county attorney to perform the acts therein specified. It requires of the county attorney, that in case it shall come to his knowledge that any officer intrusted with the safe keeping of any public funds is in any manner neglecting or abusing his trust or failing to discharge his duties under the law, it shall be the duty of the county attorney to institute such proceedings as are necessary to preserve and protect the public interest. This includes the duty to proceed against a county treasurer and his sureties, where such treasurer had lost largely of the county funds by failure of a bank in which the treasurer had deposited the county funds in his own name...................................................................... 543

2. **Same.**

That a suit in such case had already been instituted by other attorneys employed by the county commissioners did not relieve the county attorney from the duty of prosecuting such suit, nor deprive him of his privilege to discharge that duty. The county commissioners could not displace the county attorney from his position and rightful authority under the law as an officer of the county ........................................... 543

3. **Same.**

In refusing to permit the applicant, Terrell, as county attorney, to participate in the management of the suit by the county against the county treasurer, etc., the district judge deprived him of the right to discharge the duty imposed upon him as such county attorney......................... 544

4. **Same.**

The county attorney having been refused the right to participate in the management of such suit by the district judge, could not appeal from such refusal ....................................................544, 545

5. **Same.**

Nor did the county attorney have complete remedy at law for such refusal. That he might recover commissions upon tendering his services did not

.meet the legal and moral obligation resting upon him to discharge the duties of his office independently of compensation................. .... 545

**6. Same—Mandamus.**

Mandamus lies in such case under section 3, article 5, of the Constitution, as amended in 1891, and article 1012, Revised Statutes, as amended by chapter 14, Laws Twenty-second Legislature, called session (April 13, 1892); and the Supreme Court has original jurisdiction to grant the writ of mandamus against a district judge in all such cases as are allowable at common law.. 545

**7. Judicial Discretion.**

While every judicial act. involves an act of will and is quasi discretionary, yet the courts may not, under guise of judicial discretion, disregard with immunity the express laws of the land when invoked upon facts about which there is no dispute.........................................546, 547

**8. Mandamus—When Issued.**

If a judge of the District Court or other officer, by the construction placed upon the law, deprives a citizen of an unquestioned legal right under.circumstances that the citizen has no right of appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a writ of mandamus has the right to review the judgment or decision of the trial court or officer upon such question......................... 547

**9. Same—Public Officers.**

In case of public officers the general rule is, that where a person holds an uncontested title to an office mandamus may be issued to put him in possession; or where he has an undisputed right to exercise the functions of an office, and having actual and undisputed possession, he is illegally ousted or suspended from the performance of its duties, he may be restored to his rights as such officer by writ of mandamus............................ 548

ORIGINAL PROCEEDING in Supreme Court, by Ben M. Terrell, county attorney of Tarrant County, against S. P. Greene, judge of the District Court in and for said county, for writ of mandamus to compel said district judge to permit complainant to participate as county attorney in a suit in the District Court of said county, by Tarrant County, plaintiff, against the county treasurer and his sureties. Such suit had been instituted by attorneys employed and authorized by the Commissioners Court. Terrell applied to the court, and was refused permission to represent the county or to participate in the management of said suit.

Joined in the suit were George W. Armstrong, William Capps, and S. B. Cantey, counsel for the county in said case. Armstrong was county judge, and Capps & Cantey were the retained counsel.

Greene, the district judge, and Capps & Cantey resisted the application. Armstrong disclaimed.

*Carter, Lewright & Cowan,* for plaintiff.

*S. P. Green,* for himself.

*Fiset & Miller,* for Armstrong.

*Capps & Cantey,* for themselves.

BROWN, ASSOCIATE JUSTICE.—Thomas B. Collins was the duly elected and qualified treasurer of Tarrant County, charged by law with the custody and safe keeping of the money belonging to the said county. Collins had in his possession, as such treasurer, funds of the said county amounting to more than $100,000, which he had deposited in his own individual name in the City National Bank of Fort Worth. By the failure of the bank Collins was unable to account for the money in his hands, and on the 13th day of April, 1895, Tarrant County instituted suit on Collins' bond, in the District Court of the Forty-eighth Judicial District, Hon. S. P. Greene being the presiding judge of the said court. The style of the case was "Tarrant County v. Thomas B. Collins et al., number 9254." The petition was signed by George W. Armstrong and Capps & Cantey, as the attorneys for the county.

Ben M. Terrell was at that time, and now is, the duly elected and qualified county attorney for Tarrant County. On the 16th day of April, 1895, Terrell filed in said cause a motion, whereby he prayed the district judge to enter an order in said cause, recognizing his right to prosecute and control the said suit, as the county attorney of the said county.

Tarrant County appeared and filed a general demurrer to the said motion, together with special answer, stating certain facts as reasons why the said motion should not be granted, which it is unnecessary to notice here, as the district judge, in his answer herein, states, that he did not consider the facts alleged by Tarrant County, and no evidence was offered under the allegations in determining the right of Terrell to appear in and control the said cause. On the 16th day of May, 1895, Hon. S. P. Greene, the presiding judge of the District Court of the Forty-eighth Judicial District, denied the said motion.

Ben M. Terrell filed his petition in this court, praying a writ of mandamus against Hon. S. P. Greene, Judge of the Forty-eighth Judicial District of the State of Texas, commanding him that he enter an order permitting the petitioner to appear, as county attorney, in the said cause of Tarrant County against Thomas B. Collins, for the county of Tarrant, and to prosecute and control the said suit. Upon the said petition this court entered an order or rule nisi, requiring the said Greene, district judge, and the said Tarrant County, George W. Armstrong, and Capps & Cantey, to appear and show cause why a writ of mandamus should not be granted as prayed for.

Hon. S. P. Greene, judge of the said District Court, has appeared and answered in this cause, setting up as cause why the writ should not be granted, the following reasons:

"1. Because Ben M. Terrell, if he has been aggrieved by the ruling of the court, has the right of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas.

"2. That if no such right of appeal exists, then the action of the district judge was an adjudication upon the question presented, and

involved the exercise of judicial discretion, and is not subject to review by this court upon the writ of mandamus.

"3. That Ben M. Terrell, having offered his services to the county of Tarrant, has a legal remedy for recovering his commissions against the said county, and therefore the writ of mandamus will not lie.

"4. That Ben M. Terrell, county attorney of Tarrant County, was not entitled under the law to appear in and control the said cause for the county of Tarrant, without employment by the Commissioners Court of that county, and especially against its protest."

The respondent, Hon. S. P. Greene, makes this statement in his answer: "This respondent desires, however, to say, that in hearing and determining the issue in said matter, he did not hear evidence upon or in any way consider the matters of fact alleged either in the answer of Tarrant County, Exhibit 'B,' or the replication of the county attorney, Exhibit 'C,' but decided the matter solely on the question of law arising on said application, as raised by the demurrer contained in the answer of Tarrant County."

Tarrant County also appeared and filed an answer, consisting of special exceptions, presenting in substance the same matter as the answer of Hon. S. P. Greene.

William Capps and S. B. Cantey have answered, setting up their employment by the county of Tarrant to prosecute the said suit of Tarrant County against T. B. Collins et al., and the fact that they had proceeded therein by suing out numerous garnishments against divers persons, in order to secure the said amount sued for in the said cause.

There is no dispute as to the right of Ben M. Terrell to exercise all of the functions which by law pertain to the office of county attorney of Tarrant County. There is no dispute of the facts as stated in his petition, which show that the treasurer of Tarrant County had defaulted in accounting for the funds in his hands. The only questions which arise in this case are: 1. Had Ben M. Terrell the legal right to represent Tarrant County in the suit entitled as before stated? 2. If he had that right, can this court by mandamus require and compel the judge of the District Court to admit him to the exercise of the functions of his office in prosecuting that case?

Article 5, section 18, of the Constitution, provides: "The county commissioners so chosen, with the county judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of this State, or as may hereafter be prescribed." The Constitution by no provisions confers upon the Commissioners Court any authority to bring suit upon the bonds of officials of the county. We have examined the statutes at length, and find no such authority conferred by law. We do not undertake to say that the County Commissioners Court might not, in the exercise of its authority, direct the institution of such suit; indeed, we think that such would necessarily arise out of other powers granted to the

court; but that authority would not necessarily authorize the Commissioners Court to displace an officer whose duty in such matters is prescribed by statute.

Article 260, Revised Statutes, is in this language: "When it shall come to the knowledge of any district or county attorney that any officer in his district or county, intrusted with the collection or safe keeping of any public funds, is in any manner whatsoever neglecting or abusing the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer, to preserve and protect the public interest." This article not only confers the power, but imposes a duty upon the county attorney to perform the acts therein specified. In substance, it requires the county attorney, that in case it shall come to his knowledge that any officer intrusted with the safe keeping of any public funds is in any manner neglecting or abusing his trust, or failing to discharge his duties under the law, it shall be the duty of the county attorney to institute such proceedings as are necessary to preserve and protect the public interests. This language embraces every act which was required to be performed in order to preserve the funds of the county in this instance. The admitted facts show, that Thomas B. Collins was the treasurer of Tarrant County, and by law was charged with the custody and safe keeping of its funds; that he failed to discharge his duty in safely keeping and accounting for such funds; and upon these facts it became necessary that a suit should be filed in order to preserve and protect the public interests, that is, the money in his hands belonging to the county. It is difficult to make an argument to show that this plain language embraces the duty on the part of the county attorney to bring a suit for this purpose. It is clear, comprehensive, and unambiguous, and requires no argument or reasoning to apply it to the facts of this case.

The fact that the suit had been filed by other counsel employed by the county in nowise relieved the county attorney of his duty to prosecute that suit, nor did it deprive him of his privilege to discharge that duty. It being his duty to institute such proceedings, it was no less his duty to prosecute a like proceeding if instituted by another. While the Commissioners Court might employ counsel to assist the county attorney in the performance of this duty, it had not the authority under the law to displace him from his position and rightful authority under the law as an officer of that county.

The case of Looscan v. The County of Harris, 58 Texas, 511, is referred to as authority to show that the right to bring this suit does not arise under article 260 of the Revised Statutes. In the case cited, a suit had been instituted by the district attorney, Frank M. Spencer, in the name of the county of Harris, without the consent of the county or the Commissioners Court, against M. Looscan, the county clerk, the county treasurer, the county judge, and the county commissioners,

to restrain them from paying warrants issued by order of the Commissioners Court in favor of Looscan, and also to restrain them from issuing other warrants in his favor, and to recover from Looscan money already paid to him for his services as county attorney. The court held in that case, that that character of suit was not embraced in article 260; but that case was not of the character of suit herein brought by Tarrant County against its treasurer, and the case of Looscan against Harris County does not remotely bear upon the question now before the court. It is true, that in that case much is said by the judge with regard to the powers of the Commissioners Court over the affairs of the county; but granting all that is said to be correct and sustained by the law, it nevertheless does not meet the facts in this case. In that case, the judge who delivered the opinion said: "The Commissioners Court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal, or some other officer of the government, the Commissioners Court must be deemed to be the quasi executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county." There are many instances in which it might be necessary to bring suits in the name of the county, or in which suits might be instituted against a county, not embraced in the terms of article 260. In such cases the Commissioners Court would have the right to control the institution of such suits, because it has not been committed by law to any other officer or tribunal. And we do not undertake to say, that the right to institute this proceeding by the county attorney would necessarily give him the right to control the case in all its aspects against the will and judgment of the Commissioners Court. But the law does place him in the attitude of counsel for the county, and to the extent of his authority as such would authorize his control of the case; that authority is derived from the article quoted.

We therefore hold, that under the statute, Ben M. Terrell, as the county attorney of Tarrant County, should have been permitted to participate in the management, prosecution, and control of the case in question, and that the judge of the District Court, in refusing to permit him to discharge that duty, deprived the county attorney of the right to discharge a duty imposed upon him as an officer of that county.

The fourth point of objection made in the answer of Judge Greene is decided in our determination that the authority for the county attorney to file such suit is given in article 260, and therefore need not be further considered.

It is not correct to say that Terrell had a right of appeal from the order refusing him the privilege of appearing in that case, for the reason that he was not a party to the suit in any sense whatever. He could not have appealed from the order made by the judge, because it

was not an independent proceeding in which a judgment could be entered; nor was it an interlocutory judgment, nor in fact a judgment in any sense, so far as it affected the main case. If, however, the right of appeal had existed, it would have afforded no relief in this case, because the suit must have been determined before the appeal could have been taken. All the evils resulting from the order would have been suffered by Terrell, and not have been remedied by a reversal of that order by the Court of Civil Appeals, unless the court had, for that reason, reversed the judgment rendered in the case, in order that he might have exercised his privilege of trying it over again, which would be unreasonable, and unjust to the parties interested in the cause.

It is claimed that Terrell had a complete remedy at law in the fact that, having offered his services to the county, he could have recovered his commissions, although he was refused the privilege of performing his duty. When an officer is denied the privilege of discharging the functions of his office, he suffers a wrong which can not be compensated merely by the payment of fees which might have been derived from the discharge of the duties of the office. A legal and moral obligation rests upon every officer to discharge the duties of his office, independently of the question of compensation. Compensation is an important matter to the officer, as furnishing him the means of supporting himself while engaged in a public duty; but to every honorable man there is more than simple pecuniary compensation; there is that which attends the faithful discharge of a public duty. The fact that Terrell might have recovered from the county commissions allowed him by law, would not prevent him from demanding that he should be lawfully admitted to the discharge of the duties of the office to which the people of Tarrant County had elected him.

This is an original proceeding in this court, under authority conferred by the Legislature, in pursuance of section 3, article 5, of the Constitution, as amended in 1891, which contains this language: "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus, in such cases as may be specified, except as against the Governor of the State." By virtue of this authority, the Legislature amended article 1012 of Revised Statutes, so as to read as follows: "The Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus, as may be prescribed by law; and the said court, or the justice thereof, may issue writs of mandamus, procedendo, certiorari, and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." This statute confers power upon the Supreme Court in an original proceeding to issue a writ of mandamus against a district judge in all such cases as are allowable at common law. Pickle v. McCall, 86 Texas, 212.

It is claimed, that the district judge in this case exercised his judicial discretion in refusing the application of Ben M. Terrell to appear

as the county attorney, and that this action of the judge can not be reviewed in this court upon a writ of mandamus. It is true that courts will not review upon mandamus the exercise of discretionary power by the judge of a court or any other officer. But what is discretionary power is very difficult to define, and not always well understood. It is easier to determine whether or not a particular act or judgment of an officer is within the prohibition, as being an exercise of discretionary power, than it is to define what is judical discretion. In Hipp v. Bissell, 3 Texas, 18, the Supreme Court of this State said: "Our Legislature has seen fit to prescribe certain rules applicable to this subject, and it can scarcely be supposed that the discretion of the judge can rise superior to these rules. Such a supposition would lift judicial discretion above the law of the land. It would make it, in effect, arbitrary and absolute. Such a principle would be intolerable, and can not be recognized. * * * But when there are known rules of action prescribed, there can be nowhere a discretion to dispense with those rules. Especially can there be no discretion to disregard those positive regulations which have been established by the lawmaking power for the government of the courts. Where the Legislature has undertaken to prescribe the course which a party shall pursue, and the rules he shall observe to entitle him to a continuance, we suppose they intended to secure him a right, and for its attainment to furnish rules by which the discretion of the court may be guided, but with which it can not dispense."

In the case of The State v. Common Council, 9 Wisconsin, 254, upon the subject of reviewing the action of a city council, claimed to have been the exercise of discretionary power, the court of Wisconsin said: "But it is contended by the council for the respondent, that in removing the relator the common council has exercised a discretion which the law vests in it, and that the court can not by mandamus review or control that discretion. And if the premises assumed are correct, we think the conclusion of law follows. For, though there are many cases that have gone much farther, particularly with reference to the acts of officers other that judicial, yet we think the rule is well established, that where the law vests in any officer or body a discretion with reference to a subject, that this discretion will not be controlled by mandamus. But we do not think this rule applicable to this case, for the reason that the law does not vest in the common council the power to remove the officers of the city at its discretion. * * * But this does not make it a case of discretion, within the rule that a discretion vested by law will not be controlled by mandamus. For in every instance where it is conceded that mandamus is a proper remedy to compel the performance of a specific duty required by law, the officer or body from whom it is required has to judge in the first instance whether he should perform it or not. So all inferior tribunals that have power to proceed only when certain jurisdictional facts are established must judge for themselves, according to their best judg-

ment, whether such facts exist. But this does not by any means make their action a case of discretion not to be controlled. Such discretion exists only where there is a decision on some subject which the law has given the power to decide on, with the intent that such decision should be final, unless changed by some direct appeal or review.''

The contention of the respondent may be stated thus: In the decision of every question of law the judge must exercise his judgment, and the exercise of such judgment is a judicial discretion, which can not be revised upon mandamus; therefore, the decision of a judge upon the law can not be revised by this writ. If this be correct, then no wrong which may be done by a district judge in the determination of any legal question can be so revised.

If a judge of the District Court or other officer, by the construction placed upon the law, deprives a citizen of an unquestioned legal right under circumstances that the citizen has no right of appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a writ of mandamus has the right to review the judgment or decision of the trial court or officer upon such question.

If the right of Terrell to exercise the functions of county attorney was in dispute, or if the existence of the facts which called upon him to discharge the duty was doubtful, this court would not interfere by mandamus. But with all of these facts admitted, there is involved no discretion; no right exists to deny him the exercise of his official authority; it is a pure and unmixed question of law.

We are cited to the cases of Ewing v. Cohen, 63 Texas, 482, and Bledsoe v. The International Railroad Company, 40 Texas, 538. The first case cited above is one in which the County Court, in the exercise of its jurisdiction, had entered a judgment dismissing an appeal in a cause pending before it. The district judge of that district issued a writ of mandamus to the county judge, requiring him to reinstate the appeal. In that case the County Court had final jurisdiction, and there was no power given to the district judge to review the decision of the County Court upon any question involved in the case. While the question of the review by the District Court, on mandamus, of the exercise of judical discretion, is discussed in that case, it was not really involved, but was a question of the jurisdiction of the District Court. In the other case, Bledsoe v. International Railroad Company, supra, the law committed to Bledsoe the power to determine a question of fact, upon the determination of which depended the performance of a duty enjoined by law, that is, the signing of certain bonds granted by law to the railroad company. Bledsoe, as Comptroller of the State, was vested with discretionary power in determining the question as to whether or not the bonds should issue, and the Supreme Court rightly held, that the exercise of that discretion would not be reviewed by the court. We do not consider these cases as being analogous to the one now before the court.

This case may be well illustrated by supposing a case in which an attorney regularly licensed under the laws of the State was denied the right by the district judge to appear in the court over which he presides. In such case the judge must, of necessity, exercise his judgment in determining whether or not the attorney is entitled under the law to the privileges sought to be exercised. Yet, if there be no dispute as to the fact that he is a regularly licensed attorney under the laws of the State, the right is so clear that a decision against that right will be reviewed, and the judge will be by mandamus compelled to permit such attorney to make his appearance in the court, if there be no reason shown to the contrary. Withers v. The State, 36 Ala., 252; High on Ex. Legal Rem., secs. 220–222.

In the case of public officers the general rule is, that where a person holds an uncontested title to an office, mandamus may be issued to put him in possession; or where he has an undisputed right to exercise the functions of an office, and having actual and undisputed possession, he is illegally ousted or suspended from the performance of its duties, he may be restored to his rights as such officer by writ of mandamus. Mech. on Pub. Off., secs. 979, 980; High on Ex. Legal Rem., sec. 67; Milliken v. The City Council, 54 Texas, 388; Lindsey v. Luckett, 20 Texas, 516; The State v. Common Council, 9 Wis., 254; The State v. Common Council, 1 Dutch., 536; Metsker v. Neally, 21 Pac. Rep., 206; The People v. Hallett, 1 Col., 352; Ex Parte Lusk, 82 Ala., 519; Ex Parte Diggs, 52 Ala., 381; Ex Parte Wiley, 54 Ala., 226.

The four cases last cited above involved the right of a prosecuting officer to appear in the court, and arose, as in this case, upon the refusal of a presiding judge to permit him to so appear. In Ex Parte Wiley, cited above, the court said: "While the current of authority does not recognize mandamus as an appropriate remedy to test a disputed title to a public office, or, in the first instance, compel the admission of a claimant, yet, if the rightful officer in the actual enjoyment of the office is wrongfully removed, it is generally regarded as the proper remedy to compel his restoration. Not only removal, but suspension from office, will warrant the granting of the writ, for it is said suspension is a temporary amotion, and under pretense of repeated suspensions an officer would be entirely excluded." And also in the case of Ex Parte Lusk, the court states the same proposition in this language: "While mandamus will not be awarded to try a disputed title to an office, it is well settled that it is an appropriate remedy to compel the restoration of a rightful incumbent who has been wrongfully deprived of the enjoyment of official privileges by removal or suspension." Both of these cases arose upon facts similar to the case now before the court. In each of them an officer known as a solicitor, which corresponds to our district attorney, was denied by the presiding judge the privilege of appearing in the court and discharging the duties of his office. The Supreme Court of Alabama in each case

held, that he could be restored by a writ of mandamus to his position before the court as an officer of the State.

Upon consideration of the admitted facts in this case, and the law governing herein, it is ordered by the court, that the clerk of this court issue a writ of peremptory mandamus, directed to Honorable S. P. Greene, judge of the Forty-eighth Judicial District of the State of Texas, commanding him that he permit Ben M. Terrell, as county attorney of Tarrant County, to have his name entered upon the docket of the said court, as attorney for the county of Tarrant, in the case of Tarrant County v. Thomas B. Collins et al., number 9254, pending in the District Court of the Forty-eighth Judicial District, and that the said Ben M. Terrell be by the said judge permitted, in his official capacity as county attorney aforesaid, to discharge the duties incumbent upon him by law as attorney for the said county in the aforesaid cause.

It is further ordered and adjudged, that Ben M. Terrell, county attorney as aforesaid, recover of the defendants, Tarrant County, S. P. Greene, William Capps, and S. B. Cantey, all costs in this behalf expended, for which execution may issue from this court; no costs being adjudged against George W. Armstrong, he having filed a disclaimer of any interest in this cause.

Delivered June 24, 1895.

*Capps & Cantey,* for defendant Greene, on July 6, 1895, filed a motion for rehearing.   The motion was overruled, October, 1895.