# THE ATTORNEY GENERAL
# OF TEXAS
GERALD C. MANN        AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL



Honorable J. C. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

Dear Sir:            Opinion No. O-5014
                 Re: Under the facts set forth does
                     the commissioners' court have the
                     authority to make settlement with
                     the constable and allow the addi-
                     tional amount for traveling ex-
                     penses, and other related questions?

       Your letter of December 9, 1942, requesting the
opinion of this department on the questions stated therein
reads in part as follows:

       "I will appreciate your opinion on the fol-
lowing:

       "Article 3899 R.C.S. provides for the monthly
reports of officers compensated on a fee basis.
Same requires them to submit an itemized and sworn
statement of all the actual and necessary expenses
incurred by him in the conduct of his office, which
includes traveling expenses.

       "A Constable in this County made monthly re-
ports of his receipts and office expense, same
being audited and approved by this department if
found correct. However, the Constable, in sub-
mitting his annual report for 1941 sets out the
amount of $483.73 for traveling expenses. On his
monthly reports for the year 1941 the traveling
expenses for the year amounted to only $129.59,
which was supported by proper evidence of expendi-
ture and allowed.

       "We made our auditor's report to the district
judges, also copies to commissioners' court, cover-
ing this department, allowing only expenditures
made in accordance with Article 3899. We did, how-
ever, before closing our audit on this department,
request the Constable to submit to us for auditing

and approval properly receipted invoices or other
evidence of expenditures covering the difference
in the traveling expenses.  This the Constable was
unable to do, therefore, the auditor's report was
filed allowing only the $129.59 traveling expenses.
After compiling our audit of this department for
the year 1941, we found the Constable owed the
County $395.52 in excess fees.  Copy of same at-
tached hereto.

"Does the Commissioners Court have authority
to make settlement with the Constable and allow
the additional amount for traveling expenses?

"Does the County Attorney have authority to
recommend to the County Auditor or Commissioners
Court or any court that this additional amount for
traveling expenses be allowed and settlement be
made accordingly?

"In the event it becomes necessary to employ
outside legal assistance in collecting this account,
or any other account for the County, who has author-
ity to employ same?

"  .  .  .  "

The precinct officers of Wichita County are compen-
sated on a fee basis.  Wichita County has a population of
73,437 inhabitants according to the 1940 Federal Census.

Article 3883, Vernon's Annotated Civil Statutes
provides in part:

"Except as otherwise provided in this Act,
the annual fees that may be retained by precinct,
county and district officers mentioned in this
Article shall be as follows:

"  .  .  .  .

"4.  In counties containing sixty thousand and
one (60,001) and not more than one hundred thousand
(100,000) inhabitants:  .  .  .  Justice of the Peace
and Constable, Twenty-one Hundred ($2,100) Dollars
each.

"  .  .  .  ."

Article 3891, Vernon's Annotated Civil Statutes
provides in part:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

". . . .

"In counties containing sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, . . . . Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-six Hundred Dollars ($2600).

". . . ."

The auditor's report with reference to the receipt, disbursements, etc., of the precinct officer mentioned is as follows:

"AUDITOR'S REPORT
C. H. CLARK
CONSTABLE PRECINCT NO. I
1941
R E C E I P T S

| | | |
|---|---|---|
| Criminal Fees | $4,537.09 | |
| Civil Fees | 1,316.43 | |
| Examining Trial Fees | 19.00 | $5,872.52 |

D I S B U R S E M E N T S

DEPUTIES' SALARIES:

| | | |
|---|---|---|
| J. B. Scarbrough | $ 495.00 | |
| J. J. McCarter | 385.00 | |
| D. H. Witherspoon | 1,035.00 | |
| H. F. Leverett | 632.50 | |
| V. L. Smith | 350.00 | |
| Patsy Humphris | 55.00 | |
| Peggy Mathis | 20.00 | $2,972.50 |

Premium on Bond                 15.00

Maximum Fees Allowed (Art.
  3883)                         2,100.00

OTHER DEDUCTIBLE EXPENSES:
| | | |
|---|---:|---:|
| Postage | $ 15.00 | |
| Office Help | 45.00 | |
| Traveling Expense | 129.59 | |
| Telephone and Telegraph | 2.15 | 191.74 |

EXCESS FEES               $ 593.28

One Third Excess Fees Retained
  by Officer                  197.76

Balance excess Fees Due County      395.52 $5,872.52

NOTE:  Maximum Fees
       Allowed           $2,100.00
      Excess Fees
       Retained         197.76
      Total Compen-
       sation           $2,297.76"

The case of Pierson v. Galveston County, 131 S.W. (2) 27, among other things, holds that a Justice of the Peace was not entitled to recover from the county items of expense claimed for postage, traveling expenses, and messenger service during certain years in office, where the Justice of the Peace did not render monthly statements of such expenses as required by Article 3899, Vernon's Annotated Civil Statutes. In this case the Justice of the Peace merely filed annual reports estimating the expenses in lump sum amounts. Under the facts stated in your letter and the holdings of the court in the case just mentioned, it is our opinion that your first question should be answered in the negative and is so answered.

As we have answered your first question in the negative it necessarily follows that your second question must be answered in the negative and is so answered.

With reference to your third question you are advised that the commissioners' court of Wichita County is legally authorized to employ outside legal assistance in collecting the account mentioned, or any other account, in the event it becomes necessary.

We quote from Texas Jurisprudence, Volume 11, page 575, as follows:

"The commissioners' court has power to employ attorneys to assist the regular constituted officers of the county in the prosecution of its claims and suits, and to pay for such services out of the county funds. It seems, however, that the commissioner's' court does not have the power to deprive the county attorney of his rightful authority in this regard. The employment of counsel is restricted to special cases where the services of an attorney are required; nor has the court power to make an order which will warrant the payment of county money to an attorney for services neither required nor performed." (Adams v. Seagler, 250 S.W. 413; Gibson v. Davis, 236 S.W. 202; Terrell v. Greene, 31 S. W. 631; Glooms v. Atascosa County, 32 S. W. 188).

Under the holdings of the above mentioned cases, it is apparent that the commissioners' court has the power and authority to employ attorneys in the prosecution of its claims and suits and pay for such services out of the general fund of the county where the county, as a whole, is interested and affected in such proceedings.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By S/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc

APPROVED DEC 18, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman