# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS



May 8, 1964

Miss Edna Cisneros
County and District Attorney
Willacy County Courthouse
Raymondville, Texas

Dear Miss Cisneros:

Opinion No. C-256

Re:  Whether the Commissioners'
     Court of Willacy County
     has the authority to com-
     pensate a special prose-
     cutor for services rendered.

     We acknowledge your request for an opinion on the above captioned question. Your letter indicates that in Willacy County you perform the duties of both County and District Attorney and have no assistants. The present problem arises in that on the second trial of a murder case, you required legal assistance in the case because of its seriousness and the various other duties of your office. The special prosecutor assisted you in the first trial on a change of venue in the county of the special prosecutor's residence. The question now posed is whether or not the Commissioners' Court of Willacy County may compensate him for his services rendered to the county.

     The Commissioners' Court has no power to employ an outside attorney to perform the regular duties of a County Attorney or to pay an outside attorney a regular salary for performing such duties. Attorney General's Opinions Nos. O-7474 (1946); V-1377 (1951).

     The employment of an outside attorney to <u>assist</u> the County and District Attorney, however, has been specifically approved. He is usually employed for specific purposes, as was the special prosecutor in Willacy County, and is to be paid from the General Fund of the county. 15 Tex.Jur.2nd 386, <u>Counties</u>, §169.

     In <u>Willis v. State</u>, 90 S.W. 1100, 49 Tex.Crim. 139 (1905), the Court of Criminal Appeals approved the employment of private counsel to participate in a case in which he was familiar with the facts.

     In <u>Adams v. Seagler</u>, 112 Tex. 583, 250 S.W. 413 (1923) the contention was advanced that the Commissioners' Court was without authority to employ private counsel, alleging that it was the County or District Attorney's duty to prosecute suits in behalf of the county. The Supreme Court stated at page 413 as follows:

"It is made to appear in the statement of the case by the Court of Civil Appeals, and otherwise in the record, that the commissioners' court employed said attorneys <u>to assist</u> the county attorney in bringing and prosecuting the suits, and that the county attorney joined in the suits filed. We think there can be no doubt that the commissioners' court, under its authority to control and manage the finances and business affairs of the county, has power and authority to employ attorneys to assist the regularly constituted officers of the county in the prosecution of its claims and suits. Terrell v. Greene, 88 Tex. 539, 31 S.W. 631. It would necessarily follow that it would be authorized to pay for such services out of the county funds. . . ."

Since the special prosecutor in Willacy County assisted you as the regular County and District Attorney, we advise you that the Commissioners' Court has the authority to compensate the special prosecutor for his services from the General Fund of the county.

## SUMMARY

The Commissioners' Court of Willacy County has the authority to compensate a special prosecutor hired to assist the County Attorney, such compensation to be paid from the General Fund of the county.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Fred D. Ward
Assistant

FDW:wb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Milton Richardson
Paul Phy
Charles Black
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone