Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






IN RE: STATE OF TEXAS EX REL.
JOSE R. RODRIGUEZ,

                                 Relator.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-05-00071-CV

AN ORIGINAL PROCEEDING 

IN MANDAMUS



 

 

 




O P I N I O N

           Relator, Jose R. Rodriguez, the El Paso County Attorney, seeks a writ of mandamus
on behalf of the State of Texas, directing the Honorable Luis Aguilar, Judge of the 120th
District Court (Respondent), to vacate an order removing the County Attorney and his staff
as prosecutor of a bond forfeiture and prohibiting the County Attorney and his staff from
prosecuting future bond forfeitures in El Paso County. We conditionally grant mandamus
relief.
FACTUAL SUMMARY
           Carmen Calderon was arrested for fraudulent use or possession of identifying
information. On August 8, 2003, Calderon and Safety National Casualty Corporation


 posted
an appearance bond in the amount of $10,000. A two-count indictment was returned against
Calderon and the case was assigned to the 120th District Court (Respondent). On October
8, 2003, Calderon failed to appear for arraignment and the bond was forfeited. Respondent
entered a judgment nisi which was filed in cause number 2003BF295. An answer was filed
on behalf of both Calderon and Safety National, but Calderon has not been re-arrested and
her criminal case remains pending.
           Jose Rodriguez, the El Paso County Attorney, represents the State in all bond
forfeitures pursuant to an agreement with the 34th District Attorney, Jaime Esparza. In the
bond forfeiture case, Safety National and America III Bail Bonds filed a civil suit against
Rodriguez and Esparza in their official capacities in a pleading entitled “Plaintiff’s Original
Petition for Declaratory Judgment, Temporary Restraining Order, Injunction & Request for
Disclosure.” The petition alleges that Rodriguez is not authorized to prosecute bond
forfeiture cases. Consequently, Safety National and America III Bail Bonds sought to
prohibit the County Attorney from prosecuting bond forfeitures and the District Attorney
from referring these cases to the County Attorney. Safety National and America III Bail
Bonds also filed a Rule 12


 motion to show authority and included its argument about the
County Attorney’s lack of authority as an affirmative defense to the bond forfeiture.
           The State, represented by the County Attorney, filed a motion to quash the petition
and it also sought to sever the criminal bond forfeiture from the civil proceeding brought
against the District Attorney and County Attorney. The court set the case for a final hearing
on January 27, 2005 at 8:30 a.m., but it heard only the bond forfeiture at that hearing. At the
conclusion of that proceeding, Respondent entered an order determining that the County
Attorney was not authorized to represent the State in bond forfeiture proceedings. The court
also determined that the County Attorney’s Office has a conflict of interest because
Rodriguez represents the County on the Bail Bond Board. In the same order, Respondent
ordered that the County Attorney’s Office “cease and desist” from prosecuting bond
forfeitures. The County Attorney filed a petition for writ of mandamus seeking to have
Respondent’s order vacated. We granted the County Attorney’s request for emergency relief
pending final resolution of this mandamus proceeding.
STANDARD OF REVIEW
           To establish an entitlement to mandamus relief, a relator must satisfy two
requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and
(2) the relator must have a clear right to the relief sought. Buntion v. Harmon, 827 S.W.2d
945, 947-48 and n.2 (Tex.Crim.App. 1992); State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57
(Tex.Crim.App. 1992). The second element has historically been stated in terms of requiring
that the judicial conduct from which relief is sought be “ministerial” in nature. Buntion, 827
S.W.2d at 948 n.2. An act is ministerial “where the law clearly spells out the duty to be
performed . . . with such certainty that nothing is left to the exercise of discretion or
judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex.Crim.App.
1981). A ministerial act is not implicated if the trial court must weigh conflicting claims or
collateral matters which require legal resolution. State ex rel. Hill v. Court of Appeals for
Fifth District, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001). However, a so-called
“discretionary” act may become “ministerial” when the facts and circumstances dictate but
one rational decision. Buntion, 827 S.W.2d at 948 n.2.
ADEQUATE REMEDY BY APPEAL
           Relator asserts that he does not have an adequate remedy by appeal. We agree. 
Respondent entered the order removing Relator as prosecutor of the bond forfeiture against
Calderon and the sureties during the final hearing on the bond forfeiture. The State cannot
appeal a bond forfeiture. Tex. Code Crim. Proc. Ann. art. 44.42 (Vernon 1979). Further,
Relator may not appeal Respondent’s order under any provision of Tex. Code Crim. Proc.
Ann. art. 44.01 (Vernon Supp. 2004-05). Finally, it has long been the law in Texas that
mandamus relief is available to restore the rights of office to an official who has been
illegally ousted or suspended from the performance of his duties. See State ex rel. Eidson
v. Edwards, 793 S.W.2d 1, 5 (Tex.Crim.App. 1990); Terrell v. Greene, 88 Tex. 539, 31 S.W.
631, 635 (1895). More specifically, mandamus relief has been available to prosecutors who
have been prohibited from representing the State in criminal cases. See State ex rel. Hill v.
Pirtle, 887 S.W.2d 921, 926 (Tex.Crim.App. 1994) (mandamus remedy was available to
district attorney to vacate district judge’s order prohibiting two assistant Attorneys General
from serving as assistant district attorneys; no other legal mechanism short of mandamus
would have allowed district attorney to challenge trial court’s order and district attorney had
clear legal right to have district judge vacate the order); State ex rel. Eidson, 793 S.W.2d at
5 (mandamus relief was available to challenge order removing district attorney from case).
           Safety National and America III Bail Bonds nevertheless contend that the County
Attorney can appeal the “civil action remaining in this case.” The record before us reflects
that the civil suit against the County Attorney and District Attorney remains pending in the
district court. An appeal of some future judgment entered in the civil suit is speculative, at
best, and is not an adequate remedy to challenge the order removing Relator as prosecutor
in the criminal case.
EL PASO COUNTY ATTORNEY’S AUTHORITY
TO PROSECUTE BOND FORFEITURES

           After a forfeiture has been declared on a bond, the case is placed on the civil docket
with the State of Texas as the plaintiff, and the principal and any sureties as defendants. Tex.
Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2004-05). A bond forfeiture action is a
criminal proceeding that utilizes the Rules of Civil Procedure. Id. (stating that a
bond-forfeiture case is governed by same rules governing other civil suits); State v. Sellers,
790 S.W.2d 316, 321 (Tex.Crim.App. 1990). The civil rules apply procedurally, but not
substantively. See Sellers, 790 S.W.2d at 321. Article 22.10 does not transform a bond
forfeiture proceeding from a criminal case into “a civil case.” Sellers, 790 S.W.2d at 321.
           Article V, Section 21 of the Texas Constitution provides that County Attorneys shall
represent the State in all cases in the District and inferior courts in their respective counties;
but if any county shall be included in a district in which there shall be a District Attorney, the
respective duties of District Attorneys and County Attorneys shall be as regulated by the
Legislature. Tex.Const. art. V, § 21. To this end, the Legislature has provided that the
district attorney for the 34th Judicial District represents the State in all criminal cases
pending in the inferior courts having jurisdiction in El Paso County. Tex. Gov’t Code Ann.
§ 43.120(c) (Vernon 2004). This necessarily includes bond forfeitures. It is the primary duty
of the County Attorney in El Paso County or his assistants to represent the State, El Paso
County, and the officials of El Paso County in all civil matters pending before the courts of
El Paso County and any other courts in which the State, the County, or the officials of the
County have matters pending. Tex. Gov’t Code Ann. § 45.171(a) (Vernon 2004). The El
Paso County Attorney’s authority to prosecute criminal cases is limited to the prosecution of
misdemeanors that relate to health and environmental matters and to the prosecution of
misdemeanors under Section 32.42 of the Penal Code. Tex. Gov’t Code Ann. § 45.171(b)
(Vernon 2004). However, Section 45.171(c) further provides that the County Attorney may,
at the request of the District Attorney, assist the District Attorney in criminal cases in El Paso
County. Tex. Gov’t Code Ann. § 45.171(c) (Vernon 2004). This same authority is found
in Article 2.02 of the Code of Criminal Procedure.



           It is undisputed that the District Attorney has expressly requested that the County
Attorney assist him by prosecuting the bond forfeitures.


 Therefore, the County Attorney and
his assistants are constitutionally and statutorily authorized to represent the State in bond
forfeitures in El Paso County. Respondent clearly abused his discretion in concluding
otherwise.
CONFLICT OF INTEREST
           Respondent also concluded that the County Attorney has a conflict of interest because
he prosecutes the criminal portion of the bond forfeiture and represents El Paso County on
the Bail Bond Board which governs the licensing of bail bond companies in El Paso County. 
A trial court may not disqualify a prosecutor or his staff on the basis of a conflict of interest
that does not rise to the level of a due process violation. See State ex rel. Hill, 887 S.W.2d
at 927; State ex rel. Eidson, 793 S.W.2d at 6. Safety National and America III Bail Bonds
generally alleged that the County Attorney has a conflict of interest because he represents the
Bail Bond Board and reports to that entity which sureties have not paid their obligations, a
matter which can potentially affect whether the bail bondsmen’s licenses are renewed. A
lawyer’s ethical duty to not engage in a conflict of interest is owed to his clients and former
clients. See generally Tex. Disciplinary R. Prof. Conduct 1.06-1.10 (1989), reprinted in
Tex. Gov’t Code Ann., Tit. 2, Subtit. G, App. A (Vernon 2005) (State Bar Rules art. X, §
9). Safety National and America III Bail Bonds do not claim that they are clients of the
County Attorney. Consequently, they are unable to complain of an alleged “conflict of
interest” on the part of the County Attorney. Further, we fail to perceive the basis for
Respondent’s conclusion that a conflict of interest exists because the County Attorney
prosecutes bond forfeitures and also advises the Bail Bond Board. The interests of the State
and El Paso County are aligned because the State should recover forfeited bonds and the
County should not permit bondsmen to renew their licenses if they are not fulfilling the
obligations which they have undertaken. Respondent clearly abused his discretion by
determining that the County Attorney has a conflict of interest which requires his removal
as representative of the State of Texas in the bond forfeiture proceedings.
           We hold that the County Attorney, by virtue of his agreement with the District
Attorney, has authority to represent the State in bond forfeiture proceedings in El Paso
County. Further, Safety National and America III Bail Bonds failed to establish that a
conflict of interest requires Relator’s removal as representative of the State in the bond
forfeitures. Relator has a clear right to mandamus relief from the order removing Relator as
prosecutor in the bond forfeiture proceeding pending below and prohibiting Relator from
representing the State in all bond forfeiture proceedings in El Paso County. Issues One
through Four are sustained. Given our resolution of the first four issues, it is unnecessary to
address Issue Five. We direct Respondent to vacate the January 27, 2005 order. The writ
will issue only if Respondent fails to comply with this opinion.

                                                                  RICHARD BARAJAS, Chief Justice
June 23, 2005

Before Barajas, C.J., McClure, and Chew, JJ.