### REPUBLIC NAT. BANK OF DALLAS v. ROSE, Sheriff et al.

### No. 4889.

Court of Civil Appeals of Texas.
Beaumont.
Jan. 22, 1953.

Murfee & Crystal, Houston, for relator.

Croom & Croom, Houston, for respondents.

WALKER, Justice.

This proceeding is an original application for mandamus to the District Clerk and the Sheriff of Liberty County to enforce our judgment in Cause 4660 in this Court, 248 S.W.2d 271, styled C. I. Withers, et al v. Republic National Bank of Dallas, Trustee, etc. C. I. Withers, B. A. Skipper, Harvey Collins and W. M. (Morg) Collins are also respondents to relator's application for mandamus, and since the Clerk and Sheriff are willing to execute such judgment as we may render and stand neutral to the controversy, we shall refer to Wither, Skipper, Harvey Collins and W. M. Collins as the respondents. Cause 4660 in this court was an appeal from a judgment of the District Court of Liberty County rendered in Cause No. 12432 in that court, styled Republic National Bank of Dallas, Trustee and Independent Executor, v. C. I. Withers, et al.

The question now to be decided is, What is the description of the tract which we adjudged to relator in our cause 4660? Respondents' arguments on the submission of this proceeding seem to question the correctness of the judgment in said cause 4660 but that judgment is final.

A point was made about the dimensions of the tract adjudged to relator in this court's cause 4660. Respondents seem to say that the eastern and western lines of this tract should be only 1,405 varas long instead of 1,425 varas. The 1,405-vara distance is arrived at by adding, and by giving controlling effect to, the western calls in the description of the third tract sued for by Mrs. Davis, that is, the tract off the eastern end of the 1,400-acre tract to which she asserted title. This third tract is described on page 12 [248 S.W.2d 277] of our first opinion in said cause 4660. However, this opinion shows an intention to adjudge to relator a tract having eastern and western lines 1,425 varas long, not 1,405 varas. Thus on page 30 of the opinion we stated [248 S.W.2d 286] that "the tract will be of the dimensions

stated in the trial court's judgment." The judgment mentioned is the judgment appealed from in this court's cause 4660 and by it relator was awarded a tract having eastern and western lines 1,425 varas long. See page 58 of the transcript filed in this Court's cause 4660.

This conclusion also determines in relator's favor any question of ambiguity arising from the 20-vara difference between the length of the eastern line of said third tract and the sum of the lengths of the western lines in the description of said tract.

Another point made by respondents concerns the location of the northern line of the tract adjudged to relator in this court's cause 4660. Respondents seemingly would have us locate that line 840 varas north of the south line of the Landers tract by giving controlling effect to the western call for 840 varas made in the description of the third tract sued for by Mrs. Davis, instead of to the call for the south line of the 1,400-acre tract to be 565 varas from the south line of the Landers tract (see p. 12 [248 S.W.2d 277] of our first opinion in said cause 4660). However, our first opinion in said cause 4660 shows that we located the southern line of the tract awarded to Relator by using the 565-vara call. Thus at pages 11 and 12 of said opinion we stated [248 S.W.2d 277]: "according to the description of the third tract sued for by her Mrs. Davis fixed the south line of the 1,400 acres, which was the south line of the Hanrick league, 565 varas south of the south line of the Landers tract." The description of the third tract sued for by Mrs. Davis is also on page 12 of said opinion [248 S.W.2d 277] and it incorporates the 565-vara call from a point on the south line of the Landers tract to the south line of the 1,400-acre tract. It is stated in said opinion at page 18 [248 S.W.2d 278] that Mrs. Davis took judgment for this third tract by the description used in her petition; and relator, of course, is Mrs. Davis' successor in title and the 1,400-acre tract to which Mrs. Davis asserted title is that involved in this proceeding and in this court's cause 4660.

Relator, at page 5 of relator's argument in support of the application for mandamus, has correctly calculated the location of the point on the south line of the Landers tract from which to measure 565 varas south to the southern line of relator's 1,400-acre tract; and the description in exhibit A attached to relator's application for mandamus is a correct description of the tract which this court intended to adjudge to relator in this court's cause 4660, and the same is copied in the paragraph following.

The original writ of possession which relator had issued, and which the Sheriff declined to execute, has expired; and we shall, therefore, grant relator's alternative prayer.

The writ of mandamus is granted accordingly. The clerk of this Court shall enter a judgment directing Edythe LaFour, the District Clerk of Liberty County, to issue a writ of possession in behalf of relator, Republic National Bank of Dallas, trustee and independent executor of the estate of Wirt Davis, deceased, against respondents, C. I. Withers, B. A. Skipper, Harvey Collins and W. M. (Morg) Collins, in cause No. 12432 in the district court of Liberty County, Texas, styled Republic National Bank of Dallas, Trustee and Independent Executor, v. C. I. Withers, et al, for the following described land:

"A tract of land in the southeastern corner of the Hanrick, also sometimes known as the Middle, League out of the Joaquin Fernandez de Romayor Six League Grant in Liberty County, Texas, east of the Trinity River, more particularly described as follows:

"For reference commencing on the East line of said Romayor Six League Grant at a point where an extension of the South line of that tract of land known as the Landers 148 acre tract, hereinafter described, will intersect said East line, said Landers tract being described as follows:

"Beginning at the Southwest corner of survey made for John Hughes;

"Thence South 89 degrees East 1197 varas to a stake for corner, from which

a sweet gum 8 inches in diameter bears South 77 degrees East 3 varas, and a sweet gum 4 inches in diameter bears South 65 degrees East 4 varas;

"Thence South 1 degree West 276 varas to corner, from which a gum 12 inches in diameter bears North 89 degrees West 3½ varas and a post oak 12 inches in diameter bears South 89 degrees East 3 varas;

"Thence North 89 degrees West 1852 varas to corner;

"Thence North 1 degree East 755 varas to corner; a pine 5 inches in diameter bears North 25 degrees East 2½ varas, a pine 4 inches in diameter bears North 85 degrees West 3 varas;

"Thence South 89 degrees East 655 varas to corner; in Hughes line a postoak 5 inches in diameter bears South 60 degrees East 1 vara, a red oak 5 inches in diameter bears South 60 degrees East 1 vara, a red oak 5 inches in diameter bears South 50 degrees East three varas;

"Thence South 1 degree East 479 varas to beginning, and being the Landers tract described in the judgment dated March 3, 1913, in Cause No. 4348, styled Camilla G. Davis vs. Henry H. Hughes, et al., recorded in Volume G, Page 492 of the Minutes of the District Court of Liberty County, Texas;

"Running Thence in a Westerly direction along the South line of said Landers tract as so extended and said South line a distance of 928 varas to a point in the South line of said Landers tract;

"Running Thence South 565 varas;

"Running Thence in an Easterly direction parallel to the North line of said Romayor Six League Grant to a point in the East line of said Grant for the Southeast corner of said Hanrick League and the Place of Beginning of the tract of land herein described;

"Thence in a Northerly direction along the East line of said Romayor Six League Grant a distance of 1425 varas to a point for the Northeast corner of the tract of land herein described;

"Thence in a Westerly direction parallel to the North line of said Romayor Six League Grant a distance of 5548 varas to a point for the Northwest corner of the tract of land herein described;

"Thence in a Southerly direction parallel to the East line of said Romayor Six League Grant a distance of 1425 varas to a point for the Southwest corner of the tract of land herein described;

"Thence in an Easterly direction parallel with the North line of said Romayor Six League Grant a distance of 5548 varas to East line of said Grant and the Place of Beginning of the tract of land herein described."

The clerk shall also include in said judgment a provision directing W. P. Rose, Sheriff of Liberty County, to execute said writ of possession and place relator in possession of said land when said writ is delivered to him.

Costs of this proceeding are adjudged against respondents C. I. Withers, Harvey Collins and W. M. (Morg) Collins.

We understand that the District Clerk and the Sheriff of Liberty County will perform our judgment in this cause without the issuance of a writ of mandamus and the clerk need not issue this writ unless relator requests it but shall do so then.