

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 5, 1971

Hon. James M. Cotten
District Attorney
43rd Judicial District
County Courthouse
Weatherford, Texas 76096

Opinion No. M-918

Re: Whether the Sheriff of
Parker County has the
authority to release
prisoners from custody
prior to the expiration
of the sentences imposed
by the Court, whether
mandamus will lie against
the sheriff to force him
to properly execute the
sentences, and whether the
sureties on the sheriff's
bond are liable for neces-
sary expenses incurred in
bringing a mandamus action.

Dear Mr. Cotten:

You have asked an opinion of this Office in connection with
the release of county jail prisoners prior to the expiration of
their sentences.

The following facts were submitted by you. Two persons
pleaded guilty to the misdemeanor offense of possession of dan-
gerous drugs and were sentenced to terms of eighteen months
confinement in the Parker County Jail on August 10, 1970, the
sentences commencing on said date.

On September 27, 1970, one of the prisoners was released
from jail by the Parker County Sheriff after serving one month
and seventeen days of the eighteen month sentence.

On December 21, 1970, the second prisoner was released
from confinement by the sheriff after serving four months and
eleven days of the eighteen month sentence.

You ask if the sheriff "is authorized to release prisoners
from jail" under the above facts, and you further ask that if
such release is unauthorized, whether "a writ of mandamus out
of the district court directing the sheriff to re-arrest the

-4473-

prisoners and incarcerate them for the remainder of their sentence (would) be the proper procedure to follow".

Finally, you request our view as to whether "the sheriff's bondsmen would be liable for those necessary expenses incurred by re-imprisoning the defendants" if the release of the prisoners was improper and mandamus would lie to compel the reincarceration of the two prisoners in question.

The office of "sheriff" is provided for by Section 23, Article 5 of the Texas Constitution, said Section stating, in part, that the sheriff's " . . . duties shall be prescribed by the Legislature . . ." .

Duties of the sheriff set by the Legislature include the obligation to preserve the peace with his jurisdiction (Art. 2.13 and 2.17, C.C.P.), the supervision of the County Courthouse (Art. 6872, V.C.S.), and the execution of legal process and precepts (Art. 6873, V.C.S.). Pertinent to the instant opinion request, is the responsibility for custody of prisoners as set out in Article 2.18, Code of Criminal Procedure, which provides,

"Art. 2.18.     Custody of Prisoners

"When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but he shall so guard the accused as to prevent escape."

The sheriff's duties in safely keeping prisoners is further defined in Article 5116, Vernon's Civil Statutes, which provides in pertinent part,

"Art. 5116.     Sheriff and Jailor

"Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners.  . . ."

Article 43.13, Code of Criminal Procedure, provides for the release of a prisoner sentenced to jail as follows:

"Art. 43.13.     Discharge of defendant

"A defendant who has remained in jail the length of time required by the judgment and sentence shall be discharged.  The sheriff shall return the copy of the judgment and sentence, or the capias under which the defendant was imprisoned, to the proper court, stating how it was executed."

The only exception to service of the entire sentence has been provided for by the Legislature in Article 5118a, Vernon's Civil Statutes. which provides in pertinent part as follows:

"Art. 5118 a.     Commutation for good conduct; forfeiture of commutation; record

"In order to encourage county jail discipline, a distinction may be made in the terms of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extensions of social privileges as may be consistent with proper discipline.  Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one third (1/3) of the original sentence may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner.  . . . No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences.  The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor."

Under the facts stated in your opinion request, it would have been possible, if the circumstances and requirements of

Article 5118a had been met and complied with, for the pris-
oners involved to have been released when 2/3 of the sentences
imposed had been served, or after 12 month imprisonment in
jail.  Of course, to support this early release, the appro-
priate records called for by the commutation statute would
have necessarily been kept.

However, in the cases you describe the release of the
prisoners was made much before service of 2/3 of the eighteen
month sentences,  and no legal reason can be found to excuse
or justify such release.

As was observed by the Court in Ex parte Wyatt, 16 S.W. 301
(Ct.App. 1891) (in construing Article 51 of the Code of Criminal
Procedure in effect at such time, said Article 51 being a pred-
ecessor statute to the present Article 218, Code of Criminal
Procedure of 1965),

> "Our statute (Code Crim. Proc. Art. 51) provides
> that, when a prisoner is committed to jail by lawful
> warrant from a magistrate or court, he shall be placed
> in jail by the sheriff; and it is a violation of duty
> on the part of any sheriff to permit a defendant so
> committed to remain out of jail, etc.  . . . The
> sheriff has no right, no matter what his motives,
> whether of humanity or not, to commute or alter this
> punishment, and any act of his doing so is a viola-
> tion of his duty, and absolutely void."

Accordingly, your first question is answered in the affirma-
tive, i.e., the Sheriff of Parker County had no authority to re-
lease the prisoners on the dates you have indicated.

Turning next to the question of the procedure for righting
the sheriff's "violation of duty", the Court in Ex parte Wyatt,
supra, described the improperly released prisioner as a "pris-
oner at large, without authority; in other words,  . . . an
escaped prisoner".

Therefore, a sheriff may, if he prematurely releases a
prisoner left in his custody, re-arrest the prisoner and re-
confine the prisoner until the balance of the imposed sentence
is served.  See Article 15.27, C.C.P.

Moreover, the sheriff can be compelled to perform his duty
of making a re-arrest and re-confinement.  The district courts

of Texas "have the power to issue writs of . . . mandamus, . . . and all writs necessary to enforce their jurisdiction". Article 5, Section 8, Constitution of Texas.

It is possible, although there is no authority directly in point, that the convicting district court still has jurisdiction over the two defendants in this case so as to be empowered to issue a writ "necessary to enforce its jurisdiction, i.e., the issuance of a capias for the re-arrest of the defendant and the issuance of a summary order to the sheriff to retain the prisoners until the sentences are served".

However, it is clearer and more certain that the district court has the jurisdiction to entertain an original mandamus action filed by the county or district attorney to compel the sheriff to perform his positive and ministerial duty of executing sentences imposed according to the terms of the judgment and sentence in question. Wortham v. Walker, 138 S.W.2d 1138, 1149, 1151 (Tex.Sup. 1939); Terrell v. Greene, 31 S.W. 631 (Tex.Sup. 1895); Republic National Bank of Dallas v. Rose, 254 S.W.2d 220 (Civ.App. 1953, no writ); Texas ex rel Vance v. Clawson, No. 44043, ____ S.W.2d ____ (Tex.Crim. 1971).

Your second question is therefore answered in the affirmative; a writ of mandamus will lie to direct the sheriff to re-arrest and reincarcerate the two prisoners until their sentences have been fully served.

Your third question requests our view as to whether the sureties are liable on the sheriff's bond for expenses incurred in bringing an action to compel the sheriff to properly execute the two sentences imposed.

Article 6866, Vernon's Civil Statutes, provides in part:

"Every person elected to the office of sheriff shall, before entering upon the duties of his office, give a bond with two or more good and sufficient sureties, to be approved by the Commissioners' Court of his county, for such sum as may be directed by such Court, not less than Five Thousand, ($5,000.00) Dollars nor more than Thirty Thousand ($30,000.00) Dollars payable to the Governor and his sucessors in office, conditioned that he will . . . faithfully perform all such duties as may be required of him by Law."

Hon. James M. Cotten, page 6    (M-918)

Our opinion, as previously noted, is that the sheriff has committed a breach of his duties in releasing the two defendants prior to the completion of their sentences.

It therefore follows that the sureties on the bond are subject to liability for the failure of the sheriff to perform his duty if damages can be proved and suit may be brought against the sheriff and his sureties in an independent action. Grimes v. Bosque County, 240 S.W.2d 511 (Civ.App.1951, error ref. n.r.e.); Taylor v. McKenzie, 49 S.W.2d 874 (Civ.App. 1932, no writ history); Branch v. Gwinn, 242 S.W. 482 (Civ.App. 1922, no writ); Terrell v. Greene, supra.

## S U M M A R Y

A sheriff has no authority to release prisoners in his custody prior to the expiration of sentences imposed; a sheriff may be compelled by mandamus to re-arrest prematurely released prisoners and confine such prisoners until their sentences have been finally executed; the sureties on a sheriff's bond are subject to liability for expenses incurred in bringing a mandamus action to direct the sheriff to properly execute the sentences of prisoners legally delivered into his custody.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Charles Parrett
Fisher Tyler
Dunklin Sullivan
Sam Jones

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant