**CAMERON COUNTY, Appellant,**

v.

**Joe G. RIVERA, Cameron County Clerk, Appellee.**

**No. 13–87–449–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1988.

Jeffrey D. Roerig, Brownsville, for appellant.

Horacio L. Barrera, Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant, Cameron County, brought an action for declaratory judgment against appellee Joe G. Rivera, Cameron County Clerk. Appellant sought to have the trial court construe the respective duties of its commissioners court and the appellee regarding the transcription of the minutes of commissioners court proceedings. The court ruled, in part, that the duty to transcribe such minutes belonged exclusively to the appellee. Appellant now complains of the judgment by two points of error. We affirm.

On November 3, 1986, the commissioners court transferred a deputy of a former county clerk to the newly-created position of Secretary of Cameron County Commissioners Court.[1] The secretary's function was to attend the meetings of the court, transcribe the minutes, and submit them to the court for approval.

On January 5, 1987, appellee filed suit challenging the foregoing actions and asserting that the law required the county clerk or someone deputized by him to be present at the commissioners court meetings and to compose the minutes.

On September 8, 1987, the trial court entered a declaratory judgment which states, in pertinent part, that "the duties of taking, transcribing, and preserving the minutes of the proceedings of the Cameron County Commissioners Court are exclusively vested in the office of the County Clerk of Cameron County."

By two points of error, appellant asserts that the foregoing portion of the trial court's judgment erroneously interprets those laws which set forth the functions and duties of the county clerk.

Tex. Const. art. V, § 20 creates the office of county clerk and States that the "duties, prerequisites and fees" of the office shall be presribed by the Legislature.

Tex. Local Gov't Code Ann. § 81.003 (Vernon 1988) provides:

(a) *The county clerk is the clerk of the commissioners court.* The clerk shall:
(1) serve the court during each of its terms;
(2) keep the court's books, papers, records, and effects; and
(3) issue the notices, writs, and process necessary for the proper execution of the court's powers and duties.
(b) *The court shall require the clerk to record in suitable books the proceedings of each term of the court.* After each term the county judge or the presiding member of the court shall read and sign and the clerk shall attest this record. (emphasis ours).
(c) The clerk shall record the court's authorized proceedings between terms. On the first day of the first term after these proceedings, the county judge or the presiding member of the court shall read and sign this record.

Tex. Local Gov't Code Ann. § 82.005 (Vernon 1988) further states that a "deputy clerk" acts in the name of the county clerk and may perform all official acts that the county clerk performs.

We find that the establishment of the county clerk as the clerk of the commissioners court and mandatory language of section 81.003(b) ("The court shall require the clerk to record ...") indicates an intention by the Legislature to vest the appellee and his deputy with the exclusive duty and authority to transcribe the minutes of the commissioners court. Appellant's appointment of a secretary for the express purpose of performing this duty therefore constituted an improper interference with the statutory functions of appellee as Cameron County Clerk.

We recognize that courts have in the past held that the provisions of the above statutes and their predecessors are "directory and not mandatory." *See, e.g., Landa v. State,* 131 S.W.2d 321, 323 (Tex.Civ.App. —San Antonio 1939, writ dism'd judgment cor.). However, this rule means merely that the failure of the clerk to record certain matters does not invalidate the orders

---

1. The transfer was effected by the passing of an emergency budget amendment which caused the appellee to lose a "budget slot" and the commissioners court to gain that slot.

or proceedings of the commissioners court insofar as they affect public or private rights. *See Mecom v. Ford,* 113 Tex. 109, 252 S.W. 491, 494–95 (1923, judgm't adopted); *Davis v. Cass County,* 110 S.W. 2d 963 (Tex.Civ.App.—El Paso 1937, no writ); *Rankin v. Noel,* 185 S.W. 883, 885 (Tex.Civ.App.—San Antonio 1916, no writ). The rule does not mean that the requirements of section 81.003(b) or its predecessors may be disregarded at will. *See* Op. Tex.Att'y Gen. No. 0–6423 (1945).

Finding no error by the trial court, we overrule appellant's first and second points.

The judgment of the trial court is AFFIRMED.