

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 31, 1990

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-1281

Re: Whether a commissioners court may appoint a licensed attorney to advise the sheriff or an individual commissioner (RQ-1774)

Dear Mr. Driscoll:

You have requested our opinion as to whether the commissioners court of Harris County is authorized to

> create a position to be filled by a licensed attorney to be appointed or employed by an individual member of the commissioners court or the sheriff for the purpose of giving legal advice to the individual member, the commissioners court and/or the sheriff about their respective official powers and duties.

You suggest in the brief submitted with your request that the creation by the Harris County Commissioners Court of such attorney positions constitutes an unlawful usurpation of the powers and duties of the Harris County Attorney.

Section 151.001 of the Local Government Code provides that district, county, or precinct officers must apply to the commissioners court for authority to appoint deputies, assistants, or clerks. In counties like Harris County, with a population over 190,000, such officials must also apply for authority to appoint "any other kinds of employees." Section 151.002 provides that the commissioners court shall make such authorizations by order. However, where a county official is vested by the constitution or the legislature with exclusive authority to perform a duty, the commissioners may not employ, or authorize the employment of, another person to perform such duties. See, e.g., Cameron County v. Rivera, 761 S.W.2d 517 (Tex. App. – Corpus Christi 1988, no writ) (commissioners court's creation of position of secretary to court with duty of transcribing court minutes improperly interfered with the statutory duty of the county clerk to "record" the court's proceedings).

Article V, section 21, of the Texas Constitution, provides in pertinent part:

> The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

The office of county attorney for Harris County was created in 1953, when the legislature abolished the office of Harris County Criminal District Attorney. Acts 1953, 53d Leg., chs. 315, 316, at 784, 786. The provisions of the 1953 enactment detailing the powers and duties of the Harris County Attorney are now codified as section 45.201 of the Government Code, which provides in relevant part:

> It is the primary duty of the county attorney in Harris County or his assistants to represent the state, Harris County, and the officials of Harris County in all civil matters pending before the courts of Harris County and any other courts in which the state, the county, or the officials of the county have matters pending.

Section 81.023 of the Local Government Code, by contrast, applies only to certain counties. It provides:

> (a) The commissioners court of a county with a population of more than 500,000 may employ an attorney as special counsel.
>
> (b) The special counsel may be employed to:
>
>> (1) represent the county in any suit brought by or against the county;
>>
>> (2) prepare necessary documents and otherwise assist the court, the county engineer, and other county employees in the acquisition of rights-of-way for the county and for state highways; or
>>
>> (3) represent the county in condemnation proceedings for the acquisition of

> rights-of-way for highways and other
> purposes for which the county has the
> right of eminent domain.
>
> (c) The county attorney shall select the
> special counsel. If the county does not have
> a county attorney, the district attorney or
> criminal district attorney shall select the
> special counsel. The selecting officer shall
> determine the terms and duration of employ-
> ment of the special counsel, subject to the
> court's approval.

Finally, section 41.007 of the Government Code, applicable
to all county attorneys, provides:

> A district or county attorney, on request,
> shall give to a county or precinct official of
> his district or county a written opinion or
> written advice relating to the official duties
> of that official. (Emphasis added.)

In Driscoll v. Harris County Comm'rs Court, 688 S.W.2d
569 (Tex. App. - Houston [14th Dist.] 1984, writ ref'd
n.r.e.), the court considered the interaction of the provi-
sions of article 2372p, V.T.C.S., now codified as Local
Government Code section 81.023, with those of article
6795b-1, authorizing certain counties to construct, operate,
and maintain inter alia a "turnpike, highway, or any combi-
nation of such facilities." Section 5 of the latter article
provided for the creation of a board to manage such a
project and authorized the board

> to design the project, to acquire necessary
> lands or rights-of-way or other property for
> the project by purchase, condemnation, or
> otherwise . . . and to employ consultants,
> attorneys, engineers, financial advisors,
> agents and other employees or contractors in
> connection with the development, construc-
> tion, operation and management of the
> project.

Id. at 575. The majority opinion gave the following summary
of the events which gave rise to the litigation:

> [T]he commissioners court designated the
> members of the commissioners court as the
> operating board of the authority and further
> authorized the preparation and legal

> documentation for the issuance of fifty
> million dollars in toll road revenue and
> unlimited tax bonds.  In connection with the
> issuance of these bonds the operating board
> engaged the law firm of Vinson & Elkins to
> serve as counsel.  On November 8, 1983, the
> operating board entered an order engaging the
> law firm of Fulbright & Jaworski as special
> counsel for the Toll Road Authority.  The
> Harris County Attorney objected to the
> employment of special counsel, and informed
> the commissioners court that his office was
> capable of doing all the work in connection
> with the acquisition of the rights-of-way,
> and other related matters.  He further
> informed commissioners court that the employ-
> ment of private attorneys without the input
> of his office was contrary to law and should
> they persist, legal action would result.
> They persisted, and consequently the county
> attorney, in his official capacity, filed
> this lawsuit against commissioners court, all
> the members thereof, the county auditor, the
> county treasurer, Vinson & Elkins and
> Fulbright & Jaworski.

Id. at 577.

The trial court denied the Harris County Attorney, the plaintiff in that case, all relief sought.  On appeal, the court of appeals, in a per curiam opinion, reversed and remanded the case.  On motion for rehearing, the per curiam opinion was reissued by the majority, with two other justices concurring in the result and three dissenting.  The majority and concurring opinions held that appointment of attorneys pursuant to article 6795b-1 for work on the turnpike project must be made in compliance with the requirement of article 2372p.  Article 2372p stated that special counsel must be named by the county attorney and that such employment must be on terms "deemed proper" by the county attorney, as approved by the commissioners court.

> Both statutes speak to the same subject,
> namely, the employment of counsel to repre
> sent the county in the acquisition, by
> condemnation or otherwise, of rights-of-way
> for the construction of county roads.
> Article 2372p, however, is a specific statute
> insofar as it limits the outright authority
> to hire such counsel (in counties having a

population in excess of 500,000) if such county is represented by a county attorney, district attorney or criminal district attorney. . . . We must give effect to this plain wording of the statute and, unless there is a conflict between the two statutes, give effect to both. The trial court did not expressly find a conflict; neither appellant nor appellees contend there is a conflict, and we find there is no conflict.

Id. at 581.

In Driscoll, the firms involved were employed to assist the turnpike authority in its issuance of bonds and to act as "special counsel" in the acquisition of rights-of-way and other matters. It has been suggested that a distinction may be made between an attorney's duty to represent a client and his duty to advise a client, and that only the former is prohibited by the terms of section 81.023 of the Local Government Code. That view was rejected by the court in Driscoll:

It is a simple matter to harmonize the provisions of the two acts, at least as they apply to Harris County: the commissioners court is authorized to employ attorneys, but in order to do so, it must comply with the restrictions of Article 2372p [now section 81.023].

Id. at 582.

Accordingly, the court of appeals specifically rejected the trial court's conclusion that employment of legal counsel by the Harris County Toll Road Authority "does not constitute an usurpation of the powers and public duties of the office of the County Attorney of Harris County, Texas in contravention of the Constitution and laws of the State of Texas." Id. The court did not recognize any distinction between representation and advice, and, in our opinion, no reasonable distinction can be made.

We believe that the thrust of article V, section 21, of the Texas Constitution, which requires a county attorney to "represent the State in all cases," section 45.201 of the Government Code, which declares it to be the "primary duty" of the Harris County attorney "to represent the State," and section 41.007 of the Government Code, which requires a county attorney, on request, to "give to a county or precinct official of his district or county a written opinion

or written advice," taken together, is to compel the various officials of Harris County to obtain representation and advice in all legal matters from the Harris County attorney, and him alone, absent the exceptions provided by section 81.023 of the Local Government Code. The law in this area was well developed long before the enactment of section 81.023.

Prior to the enactment of section 81.023, it was held that a commissioners court could not appoint or employ private attorneys to perform the regular duties of district and county attorneys. If the duties of these officers were statutorily imposed, the commissioners court was restricted to the employment of attorneys to assist the regularly constituted officers of the county. Terrell v. Greene, 31 S.W. 631 (Tex. 1895); Adams v. Seagler, 250 S.W. 413 (Tex. 1923); see also Attorney General Opinions C-256 (1964),V-1377 (1951), O-7474 (1946). Section 81.023 does not alter prior law in this regard, but rather adopts and confirms these principles.

In Jones v. Veltman, 171 S.W. 287 (Tex. Civ. App. - San Antonio 1914, writ ref'd), the court of civil appeals construed the county attorney's statutory duty to advise county officials to be all inclusive. The court concluded that there could be no county matter which would not fall within the contemplation or definition of such duty and stated at page 290:

> The facts clearly indicate a determined purpose upon the part of the commissioners' court to evade and thwart the provisions of article 5, § 21, of the Constitution and the statutes of the state. The very services enumerated in the order as to advice to be given by the county attorney to the county judge and commissioners' court as provided for in article 356a [now Gov't Code § 41.007, imposing a duty to give an opinion or advice in writing to any county or precinct officer]. It was as much the duty of the county attorney to advise the county judge and commissioners' court in regard to properly preparing and issuing the road bonds as in regard to any other matter in which the county was interested, and it was his duty to advise them in regard to all county matters. There could be no county matters about which advice was required that was 'not contemplated or

> covered' by his official duties as county
> attorney . . . ."   (Emphasis added).

The Harris County Attorney has both the statutory duty and authority to advise and represent Harris County and its departments and officials in all civil legal matters and the commissioners court has no authority to usurp such powers and duties and delegate same to another person by contract or otherwise. See also Cameron County, supra, (commissioners court improperly interfered with the county clerk's exclusive statutory duty to transcribe the minutes of the commissioners court by creating the position of Secretary of Cameron County Commissioners Court and appointing another person to perform this duty); Attorney General Opinions JM-1025 (1989); JM-833 (1987).

Furthermore, section 41.007 of the Government Code expressly provides that the district and county attorney will advise the county and its officials, including the members of the commissioners court and the Harris County Sheriff. The proviso "on request," serves only to protect district and county attorneys from being considered derelict in their duty to advise if public officials fail or refuse to request assistance. Just as a court has no duty to pass upon a petition until some request or other contingency has occurred, the commissioners court may not suspend a portion of the duties required by law to be performed by an elected legal officer by simply refusing to request advice the commissioners court deems necessary.

In 1973, the Attorney General considered the application of these principles and in Attorney General Opinion LA-24 (1973), he declared as follows:

> The Constitution, Article 5, Section 18 speaks to the matter of county and district attorneys representing the interests of the State, not the County, in matters before district and county courts. In the absence of a statute commanding it, or an agreement between him and the commissioners court calling for it, a county or district attorney has no obligation or right to defend county interests in court, and the county may employ private counsel to protect such interests to the exclusion of such legal officers.
>
> The Legislature may, however, assign such legal officers additional duties consistent with their constitutional duties. Where the

> Legislature has done so, the commissioners court, a subordinate body, cannot interfere with the discharge of such duties; and unless the Legislature has specified otherwise, any private attorneys employed by the county commissioners in connection therewith may act only under the direction of the officer. (Emphasis added.)

Section 81.023 of the Local Government Code, provides the only vehicle for the employment of special counsel by the commissioners court under certain limited circumstances and the provisions therein do not apply to the instant situation.

It has been consistently held that the commissioners court is not authorized to interfere with the county attorney's general statutory duty to advise and represent county and precinct officers. In Terrell v. Greene, supra, the supreme court held that the Tarrant County Attorney was entitled to a writ of mandamus commanding a district judge to permit him to appear as county attorney in a cause filed by the county through private counsel against the county treasurer. The court stated:

> There is no dispute as to the right of Ben M. Terrell to exercise all of the functions which, by law, pertain to the office of county attorney of Tarrant county [sic]. . . . We do not undertake to say that the county commissioners' court might not, in the exercise of its authority, direct the institution of such suit; indeed, we think that such would necessarily arise out of other powers granted to the court, but that authority would not necessarily authorize the commissioners court to displace an officer whose duty in such matters is prescribed by statute.
>
> . . . .
>
> The fact that the suit had been filed by other counsel employed by the county, in no wise relieved the county attorney of his duty to prosecute this suit, nor did it deprive him of his privilege to discharge that duty. . . . While the commissioners' court might employ counsel to assist the county attorney in the performance of this duty, it had not the authority under the law to displace him from

> this position and rightful authority under the law as an officer of that county. (Emphasis added.)

Id. at 632-33.

There is no authority for the commissioners court of Harris County to create and fund positions with titles such as "general counsel," "legal counsel," "staff attorney," "legal assistant," or "legal advisor" to be filled by a licensed attorney for the purpose of advising county officials in connection with their official duties, and doing so clearly constitutes an illegal usurpation of the statutory duties of the county attorney of Harris County. In Driscoll, supra, the court disapproved the employment by the commissioners court of outside law firms to do the county attorney's job. Now the members of the commissioners court are hiring attorneys for their personal staffs to perform the identical legal services. The commissioners court has no greater right or authority to hire staff attorneys to perform the county attorney's duties than it has to hire outside law firms. Further, in the absence of any valid authority for the commissioners court to do so, there is similarly no authority for the county auditor to approve the payment of a salary to such an individual. In addition, the county auditor has an affirmative duty to reject a claim or expenditure of public funds for any such illegal purpose. Local Gov't Code § 113.065.

It is well-settled that the constitution does not confer on the commissioners court general authority over county business, but gives it only those powers conferred by the constitution or the statutes or necessarily implied from those expressly granted. Tex. Const. art. V, § 18; Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Clark v. Finley, 54 S.W. 343 (Tex. 1899); Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.); Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App. - San Antonio 1956, no writ). An officer having a statutory duty may not be displaced by the exercise of an implied power by a commissioners court. Terrell v. Greene, supra; Aldrich v. Dallas County, 167 S.W.2d 560 (Tex. Civ. App. - Dallas, 1942, writ dism'd).

As a general rule, public duties must be performed and governmental powers exercised by the office designated by law; such duties and powers may not be delegated to others. Lufkin v. Galveston, 56 Tex. 522 (1882); Moody v. Texas Water Comm'n, 373 S.W.2d 793 (Tex. Civ. App. - Austin 1963,

writ ref'd n.r.e.); <u>Newsom v. Adams</u>, 451 S.W.2d 948 (Tex. Civ. App. - Beaumont 1970, no writ). It has been consistently held that the commissioners court cannot deprive an officer of the powers, rights, and duties which inhere in his office, nor require him to delegate the same to another person selected by it; nor can it displace an officer by authorizing another person to perform duties devolved upon him by statute. <u>Terrell v. Greene</u>, <u>supra</u>; <u>Aldrich v. Dallas County</u>, <u>supra</u>; <u>Marquart v. Harris County</u>, 117 S.W.2d 494 (Tex. Civ. App. - Galveston 1938, writ dism'd); <u>see also</u> <u>White v. McGill</u>, 114 S.W.2d 860 (Tex. 1938); <u>Mills-DeWitt Co. v. Brazoria County</u>, 142 S.W.2d 916 (Tex. Civ. App. - Galveston 1940, writ ref'd); <u>Stringer v. Franklin County</u>, 123 S.W. 1168 (Tex. Civ. App. 1909, no writ).

The authority to choose the employees to assist the county attorney in performing his duties is vested in the county attorney and not in the commissioners court or the sheriff. Gov't Code § 41.102 <u>et. seq.</u>; Local Gov't Code § 151.001 <u>et. seq.</u> Further, neither the commissioners court nor the sheriff may usurp the county attorney's duties by attempting to assign them to persons under the court's control or the control of any other county official. Section 81.023 of the Local Government Code provides the only vehicle for employment of special counsel, general counsel, legal counsel, or legal assistants to assist the county attorney under certain limited circumstances. Since the employment and appointment of such "legal counsel" by Commissioner Radack, the sheriff and other county officials do not comport with such restrictions, such appointments fail to meet the statutory requisites and are, therefore, unauthorized.

You also ask about the lawfulness of the commissioners court's creation of a position of staff counsel for the sheriff to advise that officer on the powers and duties of his office. A provision of chapter 158, subchapter B, of the Local Government Code relating to the Sheriff's Department Civil Service System states:

> (b) The sheriff may designate as exempt from the civil service system:
>
> (1) the position of chief deputy;
>
> (2) four positions of major deputy;
>
> (3) <u>one or more positions in the office of departmental legal counsel</u>; and

> (4) additional positions in the department.   (Emphasis added.)

Local Gov't Code § 158.038.

In our opinion, this provision must be read in harmony with section 81.023, in order to give effect to both.   The sheriff is authorized to "designate" positions in his department as that of "legal counsel," but employment of individuals to fill those positions must be made in compliance with section 81.023, i.e., by the county attorney with the approval of the commissioners court.  See also Grooms v. Atascosa County, 32 S.W. 188 (Tex. Civ. App. 1895, no writ); Attorney General Opinion O-7474.

You also ask whether the county auditor may approve the payment of a salary to such individuals appointed as legal advisors to the sheriff or commissioners.  Section 113.064 of the Local Government Code provides that the auditor must approve each such claim before payment by the county, and that the auditor may require verification by affidavit of such claims and may administer oaths in connection therewith.   Section 113.065 provides:

> The county auditor may not audit or approve a claim unless the claim was incurred as provided by law.

Because we concluded in response to your first question that the employment of legal advisors to the commissioners court or the sheriff is unlawful in the absence of compliance with section 81.023 of the Local Government Code, it follows that a claim for salary by any individual not appointed thereunder may not be approved by the auditor under section 113.065.  See Attorney General Opinion JM-1099 (1989).

### S U M M A R Y

> The Harris County Commissioners Court may not approve the creation of staff positions to be filled by attorneys to be appointed or employed by individual commissioners, or by the sheriff, for the purpose of advising those officers on legal matters without complying with the terms of section 81.023 of the Local Government Code, which provides

that such special counsel be named, and his terms of employment set, by the county attorney.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN