ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 7, 2004

Mr. Ray Stelly, C.P.A.                          Opinion No. GA-0277
San Jacinto County Auditor
1 State Highway 150, Room B1                     Re: Executive sessions of the San Jacinto County
Coldspring, Texas 77331                          Commissioners Court   (RQ-0241-GA)

Dear Mr. Stelly:

You ask several questions about a dispute that has arisen in San Jacinto County regarding executive sessions of the commissioners court, the county clerk's role in those meetings, and the proper custodian of the tape recordings of the executive sessions.[1]

You indicate that the San Jacinto County Clerk, prior to and including the commissioners court meeting of June 1, 2004, routinely recorded the meetings of the commissioners court, both in open and closed sessions. At that meeting, the county judge, over the clerk's objection, took possession of the tape recording of the court's executive session. This action triggered a series of questions about the conduct of executive sessions and the clerk's role therein. See Request Letter, supra note 1, at 1-2.

Article V, section 20 of the Texas Constitution provides that the duties of a county clerk "shall be prescribed by the Legislature." TEX. CONST. art. V, § 20. Section 81.003 of the Local Government Code prescribes those duties with regard to meetings of a commissioners court. That provision states, in relevant part:

> (a) The county clerk is the clerk of the commissioners court. The clerk shall:
>
> (1) serve the court during each of its terms;
>
> (2) keep the court's books, papers, records, and effects; and
>
> (3) issue the notices, writs, and process necessary for the proper execution of the court's powers and duties.

[1]See Letter from Mr. Ray Stelly, C.P.A., San Jacinto County Auditor, to Honorable Greg Abbott, Texas Attorney General (June 10, 2004) (on file with Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

> (b) The court shall require the clerk to record the proceedings of each term of the court. This record may be in paper or electronic format. After each term the clerk shall attest to the accuracy of this record.
>
> (c) The clerk shall record the court's authorized proceedings between terms. This record may be in paper or electronic format. The clerk shall attest to the accuracy of the record.

TEX. LOC. GOV'T CODE ANN. § 81.003 (Vernon Supp. 2004-05). You first ask whether section 81.003 applies to executive sessions of a commissioners court.

In *Cameron County v. Rivera*, 761 S.W.2d 517 (Tex. App.–Corpus Christi 1988, no writ), a commissioners court had transferred the duty of transcribing the minutes of its meetings to a newly created position of "Secretary of [the] County Commissioners Court." *Rivera*, 761 S.W.2d at 517. The appellate court, quoting section 81.003 of the Local Government Code, concluded that "the establishment of the county clerk as the clerk of the commissioners court and mandatory language of section 81.003(b) . . . indicates an intention by the Legislature to vest the [the county clerk] and his deputy with the exclusive duty and authority to transcribe the minutes of the commissioners court." *Id.* at 518. As a result, the commissioners court's "appointment of a secretary for the express purpose of performing this duty . . . constituted an improper interference with the statutory functions of [the county clerk]." *Id.*

The *Rivera* case did not, however, consider section 81.003 of the Local Government Code in terms of the executive session provisions of the Open Meetings Act, chapter 551 of the Government Code. *See id.* Section 551.002 provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). Subchapter D of chapter 551 contains numerous exceptions to section 551.002 that permit closed or executive sessions under particular circumstances. *See id.* §§ 551.071-.088. In Attorney General Opinion JM-6, this office considered the precise question at issue here: Whether a county clerk may be excluded from the executive sessions of a commissioners court. *See* Tex. Att'y Gen. Op. No. JM-6 (1983). The opinion concluded that under the Open Meetings Act

> only the members of a governmental body – in this instance, the commissioners court – have the right, when authorized by [former] section 2 of the Open Meetings Act, to convene in executive session. The fact that the county clerk is ex officio clerk of the commissioners court does not make [the clerk] a <u>member</u> of that [governmental body, the commissioners] court. Article V, section 18 of the Texas Constitution provides in relevant part that "[t]he County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court[.]"

*Id.* at 1-2 (quoting Texas Constitution article V, section 18(b)). *See also* Tex. Att'y Gen. LO-97-017, at 9 (hospital district board of trustees may exclude county attorney from its executive sessions).

Moreover, the conclusion of Attorney General Opinion JM-6 that only members of a governmental body are entitled to attend an executive session was affirmed as recently as 2001. In Attorney General Opinion JC-0375, this office considered whether a school board of trustees could require its superintendent to attend executive sessions of board meetings. *See* Tex. Att'y Gen. Op. No. JC-0375 (2001). The opinion noted that "[a] superintendent is not, of course, a member of the public vis a vis her board of trustees, but neither is she a member of the board with a right to attend its executive sessions." *Id.* at 2. The opinion continued:

> We believe it is clear from our prior opinions . . . that a governmental body has discretion with regard to who may attend its executive sessions. While those whose attendance is contrary to the legal basis for the executive session may not be included, a governmental body may include officers and employees of the governmental body whose participation is necessary to the matter under consideration.

*Id.* (citation omitted).

In our view, the conclusions of these opinions are both well-reasoned and sound, and they supplement the *Rivera* holding. While section 81.003 of the Local Government Code requires the county clerk or deputy clerk to act as the commissioners court's clerk for its open sessions, the court may exclude the county clerk from attending and acting as its clerk in executive sessions.

On the other hand, in answer to your second question, the county clerk *may* be delegated the duty of maintaining records of executive sessions. A commissioners court is authorized to delegate to any appropriate county official any duty that is not the exclusive statutory preserve of another official. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 80-81 (Tex. 1997). As indicated in Attorney General Opinion JC-0375, the court may include in an executive session any officers or employees whose participation it deems necessary, so long as the person does not have an interest adverse to that of the governmental body.

You also ask who is the proper custodian of the tape of an executive session. *See* Request Letter, *supra* note 1, at 3-4. Section 81.003 of the Local Government Code, as we have observed, requires a county clerk to "keep the court's books, papers, records, and effects." TEX. LOC. GOV'T CODE ANN. § 81.003(a)(2) (Vernon Supp. 2004-05). Section 551.103 of the Government Code provides that "[a] governmental body shall either keep a certified agenda or make a tape recording of the proceedings of each closed meeting." TEX. GOV'T CODE ANN. § 551.103(a) (Vernon 2004). The retention schedule for records of a county clerk, which is promulgated by the Texas State Library and Archives Commission pursuant to section 441.158 of the Government Code, apparently presumes that the county clerk is the custodian of "audio tapes of closed meetings" of a commissioners court. *See* 13 TEX. ADMIN. CODE § 7.125(b)(3) (2004) (Local Schedule CC). The purpose of section 441.158, however, is to require the imposition of a *records retention schedule*. *See* TEX. GOV'T CODE ANN. § 441.158 (Vernon 2004). Nothing in that statute purports to give the Texas State Library and Archives Commission the authority to determine the particular custodian of county records.

Section 551.104 directs a *"governmental body* [to] preserve the certified agenda or tape recording of a closed meeting for at least two years after the date of the meeting." *Id.* § 551.104(a) (emphasis added). As we have previously indicated, a governmental body consists only of its members. The membership of a commissioners court is limited to four commissioners plus the county judge. Thus, the commissioners court as a governmental body is the proper custodian of the tape of an executive session. Of course, just as a commissioners court may admit the county clerk to its executive session, it may also designate the county clerk as the custodian of the tape of the executive session. In that instance, the clerk would maintain the tape as the commissioners court's delegate under section 551.103 of the Government Code, and under the clerk's general authority under section 81.003 of the Local Government Code.

Your next question asks us to assume that the policy of the San Jacinto County Commissioners Court prior to June 1, 2004, was that the county clerk served as the custodian of executive session tapes. *See* Request Letter, *supra* note 1, at 4. Under that assumption, you ask whether the county judge, acting alone, was authorized to change that policy. *See id.*

A commissioners court acts through its entire membership rather than through any single member acting alone. *See Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948) ("individual commissioners have no authority to bind the county by their separate action"); *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 360 (Tex. App.–Austin 2003, no pet.) (citing *Canales* for proposition that "commissioners court may only validly act as a body; the acts of a single commissioner do not bind the court"). In Attorney General Opinion JM-63, this office said that a county judge was not authorized "to prepare and limit, in his sole discretion, the items to be considered by the commissioners court." Tex. Att'y Gen. Op. No. JM-63 (1983) at 2. Rather, the "commissioners court as a whole ha[d] the authority to determine and amend its own agenda." *Id.* at 3. Consequently, in the situation you pose, the county judge, acting on his own, was not authorized to alter an existing policy of the commissioners court. The court, by majority vote of its entire membership, is the body duly authorized to change existing policy.

Finally, you ask whether relinquishing the tape of an executive session to the county clerk would make the tape available for public inspection and copying. *See* Request Letter, *supra* note 1, at 5. As we have indicated, a commissioners court is authorized to designate its county clerk as the custodian of its executive session tape. Such a change in custody does not render the clerk a member of the public because the clerk is a county official to whom custody of the tape may be delegated. Nor does such a change in custody make the tape a public document under the Public Information Act, chapter 552, Government Code. Indeed, section 551.104(c) of the Government Code provides that the "certified agenda or tape of a closed meeting is available for public inspection and copying only under a court order issued under Subsection (b)(3)." TEX. GOV'T CODE ANN. § 551.104(c) (Vernon 2004). Although a *member* of a governmental body has the right to inspect a certified agenda or tape recording, *see* Tex. Att'y Gen. Op. No. JC-0120 (1999) at 1, it is clear that *public* release of the tape of an executive session is prohibited, except by court order. Moreover, because the clerk is not a member of the commissioners court, she, even as custodian, is not authorized to inspect a certified agenda or tape recording of an executive session.

## S U M M A R Y

The county clerk is required by section 81.003 of the Local Government Code to keep the records of all open meetings of a commissioners court. The commissioners court as a governmental body has the discretion to allow or deny the county clerk admission to executive sessions of the court. The commissioners court as a governmental body is the proper custodian of the tape of an executive session, but it may delegate that duty to the county clerk. A commissioners court acts by majority vote of its members; a single member acting alone has no authority to alter court policy. A release of the tape of an executive session to the county clerk would not render the tape a public document under the Public Information Act. Such a tape may be released to the public only under court order.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee